**ROADWAYS (AS) LIMITED, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION COMMISSIONER, Respondent.**

**MATINI FAIFEAU, Real Party in Interest.**

High Court of American Samoa
Trial Division

CA No. 80-04

November 29, 2004

Before WARD,[*] Acting Associate Justice, ATIULAGI, Associate Judge, and MAMEA, Associate Judge.

---

[*] Honorable John L. Ward II, Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior.

Counsel: For Petitioner, David P. Vargas
For Respondent, Harvey Kincaid
For Real Party in Interest, Asaua Fuimaono

OPINION AND ORDER

Plaintiff Roadways (AS) Limited, ("Roadways"), as the employer of real party in interest, Matini Faifeau ("Faifeau"), filed a Motion for Interlocutory Injunction and Stay of Workmen's Compensation Order with this Court on August 30, 2004. For the reasons discussed below, we deny the motion for a stay and dismiss this case.

**Case History**

Faifeau injured his left elbow at work on or about March 12, 2002. Surgery was performed to repair the injury. By July 8, 2002 his attending physician declared Faifeau fit to return to work. The employer Roadways had made payments to Faifeau on his lost wages and hospital care during this period and had advanced him a loan.

A Workmen's Compensation claim was subsequently filed and, according to the transcript of a hearing before the Commission held on February 11, 2004, an initial hearing was held on April 2, 2003. That hearing was continued so that additional medical information concerning Faifeau's permanent partial disability rating could be obtained. After hearing testimony from a doctor who evaluated Faifeau's elbow on February 05, 2004, the employer Roadways, and the employee Faifeau, the Commission adjourned its February 11, 2004 hearing and subsequently filed its compensation order on July 30, 2004.

That compensation order, despite containing a finding of fact that the treating physician had declared Faifeau fit to return to regular duties as of July 08, 2002, awarded Faifeau full temporary total disability benefits from the date of the injury, March 12, 2002, until the date the evaluating physician determined Faifeau's permanent partial disability (3% of his left arm) on February 05, 2004. The award also included a 50 weeks disfigurement award for the posterior 3 to 4 inch surgical scar on Faifeau's left elbow. An undiscounted lump sum payment was ordered by the Commission and despite unrebutted testimony from both the employer and employee at the February 11, 2004 hearing that regular payments had been made by Roadways to Faifeau after his injury, the Commission found no such payments had been made.

The total award of $24,791.35 was ordered to be paid within 10 days of the Commission's July 30, 2004 compensation order. Roadways filed the instant action on August 30, 2004.

## Discussion

■ Although we recognize that Roadways has pleaded plausible grounds for finding the compensation order not in accordance with law as to the duration of Faifeau's temporary total disability, the undiscounted lump sum payment, and the failure to credit Roadways for payments made or advanced to Faifeau, the narrow issue presented in this matter is whether this Court has jurisdiction to either stay or injunctively set aside or suspend all or part of the compensation order. As argued in briefs filed by the Commission and Faifeau, the compensation order became final 30 days after its filing under A.S.C.A. § 32.0651. Said section reads:

> A compensation order becomes effective when filed in the office of the commissioner and, unless proceedings for the suspension or setting aside of such order are instituted, becomes final at the expiration of the thirtieth day thereafter.

The compensation order in this matter was filed on July 30, 2004, thus becoming final no later than midnight, Sunday, August 29, 2004. Roadways filed for judicial review and a stay of the compensation order on Monday, August 30, 2004.

■ Although T.C.R.C.P. 6(a) allows for additional time to file in court under any "applicable statute", A.S.C.A. § 32.0651 has been interpreted by the court as being a finite term. Under *In re Westerlund v. Scanlan*, 4 A.S.R. 998, 1003 (1975), the court held

> . . . any judicial review of a compensation award be instituted *within* thirty days of filing . . . if no proceedings are begun before that time the order becomes final and *not* subject to any further review. ... Thus, the statutory time specified for review is jurisdictional.

■ Roadways argues that the 30 day period was tolled when it filed a motion with the Commissioner for a rehearing sometime during August, 2004. This position is erroneous. Under A.S.C.A. § 15 32.0653(c):

> Proceedings for suspending, setting aside, or a enforcing compensation order, whether rejecting a claim or making an award, shall not be instituted otherwise, than as provided in this section and 32.0652 and 32.0674.

Further, the Commissioner has been statutorily exempted from compliance with:

> common law or statutory rules of evidence or by technical or formal rules of procedure . . .

A.S.C.A. § 32.0640. As noted in the *Westerlund* case, *supra,* where the statute requires the review to be instituted in court within 30 days: any other proceeding initiated for review would not toll the thirty day statute.

 As this Court has held in *Hema v. Commissioner,* HCCA 60-98 (Trial Division, 2003) and *NPI et al v. Commissioner,* HCCA 075-01 (Trial Division, 2002), the Legislature stripped the courts of their powers to hear and decide workplace injury cases when it adopted the Workmen's Compensation Act and prescribed the exclusive *administrative* remedy for such claims. We note, however, that Roadways may still have a statutory remedy with respect to the final order in this matter. Pursuant to A.S.C.A. § 32.0654, under certain circumstances, the Commissioner may reopen and modify an award based upon a mistake in a determination of fact. Within the statutory scheme designed by the Legislature for the expedited, administrative determination of any Workmen's Compensation claim, Roadways may pursue such administrative remedies, but this court lacks jurisdiction to review this final order of the Commission or to stay that award.

### Conclusion

The compensation order filed by the Commissioner on July 30, 2004, having become final before Roadways filed for judicial review and stay before this court, the court lacks jurisdiction and this matter is therefore dismissed. It is so ordered.